Driggs vs. Morely.

## Driggs v. Morely.

1. EQUITY—PARTNERSHIP.—M. & W. were partners; D. purchased W.'s interest in the business, and after D. & M. had transacted business for a time, D. filed a bill for the dissolution of an alleged partnership between him and M., and for a sale of the partnership property, etc., and also an accounting as to all matters growing out of the partnership of W. & M., in which he was interested by purchase ; the proof failing to show a partnership between D. & M., *held*, that it was error to dismiss the bill, as D. was entitled to an accounting by virtue of such purchase, in relation to the business of the partnership of W. & M.

(2 *Chand.* 59.)

APPEAL from the Circuit Court for *Dodge* County.

The opinion of the court furnishes a sufficient statement of the case in the court below, for all the purposes of understanding the point determined on the appeal.

Lane vs. Romer.

*A. L. Williams*, for appellant.
*R. P. Eaton*, for appellee.

LARRABEE, J.    The bill of complaint in this cause alleges a partnership, prays that it be dissolved, and that the partnership property, consisting of certain real estate and personal property, be sold; it also prays an accounting as to all matters growing out of the partnership, and also of certain unsettled accounts between the defendant and one Wheeler, his former partner, whose interest. in the property *Driggs* purchased, subsequent to his death.    The decree at the circuit dismissed the bill, on the ground that the proofs did not sustain a partnership between *Driggs* and *Morely*.    But, as it appears that there are certain unsettled accounts growing out of the business connection of Wheeler and *Morely*, and as *Driggs* has an interest in these by virtue of his purchase, he has a right to an accounting as to these, at least.    For this reason the decree of the circuit court must be reversed, and the cause remanded for further proceedings.    We do not deem it necessary to decide the question of partnership, as the complainant has the right, independent of this, to have the accounts of the former parnership referred.

Decree reversed.